UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Alan E. Wert, Autumn E. Wert,** ) <br> **and Ashlyn E. Wert** ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> ) <br> v. ) <br> ) <br> **Nappy Roots Entertainment Group, LLC,** ) <br> **Nappy Roots Publishing, LLC,** ) <br> **William R. Hughes p/k/a "Skinny DeVille",** ) <br> **Melvin E. Adams p/k/a "Fish Scales",** ) <br> **Brian K. Scott p/k/a "B. Stille", and** ) <br> **Ronald Wilson p/k/a "Ron Clutch"** ) <br> ) <br>     **Defendants.** ) <br> ) | **COMPLAINT** <br><br> Case No. _____ |

## COMPLAINT

Plaintiffs, Alan E. Wert, Autumn E. Wert, and Ashlyn E. Wert by and through the undersigned counsel, Brett Switzer, Esq. and Lita Rosario-Richardson, Esq., hereby file their Complaint against Defendants Nappy Roots Entertainment Group, LLC, Nappy Roots Publishing, LLC, William R. Hughes p/k/a "Skinny DeVille," Melvin E. Adams p/k/a "Fish Scales," Brian K. Scott p/k/a "B. Stille," and Ronald Wilson p/k/a "Ron Clutch" and allege as follows:

- 1 -

## THE PARTIES

### PLAINTIFFS

1. Plaintiff Alan E. Wert ("Plaintiff Alan") is a citizen and resident of Lancaster, Pennsylvania.

2. Plaintiff Autumn E. Wert ("Plaintiff Autumn") is a citizen and resident of Lancaster, Pennsylvania.

3. Plaintiff Ashlyn E. Wert ("Plaintiff Ashlyn") is a citizen and resident of Lancaster, Pennsylvania.

4. Plaintiff Alan, Plaintiff Autumn and Plaintiff Ashlyn are collectively referred to herein as the "Plaintiffs."

### DEFENDANTS

5. Defendant Nappy Roots Entertainment Group, LLC ("Defendant Nappy Roots Entertainment") is Georgia company with a principal place of business at 3859 Hadley Rd, Douglasville, GA, 30135. Defendant Nappy Roots Entertainment does business in this District.

6. Defendant Nappy Roots Publishing, LLC ("Defendant Nappy Roots Publishing") is a Georgia company with a principal place of business at 600 Peachtree Street NE, Ste 2400, Atlanta, GA, 30308. Defendant Nappy Roots Publishing does business in this District.

7.      Defendant William Hughes p/k/a "Skinny DeVille" ("Defendant Hughes") is a professional recording artist and a member of the group professionally known as "Nappy Roots" and is a citizen and resident of Douglasville, Georgia.

8.      Defendant Melvin Adams p/k/a "Fish Scales" ("Defendant Adams") is a professional recording artist and a member of the group professionally known as "Nappy Roots" and is a citizen and resident of Atlanta, GA.

9.      Defendant Ronald Wilson p/k/a "Ron Clutch" ("Defendant Wilson") is a professional recording artist and a member of the group professionally known as "Nappy Roots" and a citizen and resident of Louisville, Kentucky.

10.     Defendant Brian K. Scott p/k/a "B. Stille" ("Defendant Scott") is a professional recording artist and a member of the group professionally known as "Nappy Roots" and a citizen of Louisville, Kentucky.

11.     Defendants Scott, Wilson, Adams and Hughes are collectively referred to herein as "Nappy Roots."

12.     Nappy Roots, Defendant Nappy Roots Entertainment, and Defendant Nappy Roots Publishing are collectively referred to herein as the "Nappy Roots Defendants" or "All Defendants."

## OTHER RELEVANT NON-PARTIES

13. Gregory K. Polk p/k/a "Greg Street" ("Polk") is a producer, writer and recording artist and a citizen and resident of Marietta, Georgia and successor to Greg Street Productions.

14. Interscope Records, Inc. ("Interscope") is an international recording company and is a Delaware corporation.

## NATURE OF THE ACTION, JURISDICTION AND VENUE

15. The Plaintiffs bring this civil action seeking redress against the Nappy Roots Defendants for copyright infringement pursuant to 17 U.S.C. § 501.

16. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and the U.S. Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

17. This Court has personal jurisdiction pursuant to Fed. R. Civ. P. (4)(k)(1)(A) over Defendant Nappy Roots Entertainment and Defendant Nappy Roots Publishing in that Defendant Nappy Roots Entertainment and Defendant Nappy Roots Publishing both do business in this District.

18. The Court has personal jurisdiction pursuant to Fed. R. Civ. P. (4)(k)(1)(A) over Defendant Hughes and Defendant Adams, in that Defendant Hughes and Defendant Adams are citizens of the State of Georgia, reside in the District, and conduct business in the District.

19. This Court has personal jurisdiction pursuant to Fed. R. Civ. P. (4)(k)(1)(A) over Defendant Wilson and Defendant Scott in that they both do business in the District.

20. Venue is proper in the Northern District of Georgia pursuant to 28 U.S. Code § 1391(b)(2) because a substantial part of the of the facts and circumstances giving rise to the claim(s) occurred in the District.

## COMMON FACTUAL ALLEGATIONS

21. Plaintiffs created the musical recording of "Good Day" ("Wert Work") in or about 2000.

22. Plaintiffs Autumn and Ashlyn's vocal performances are featured on the Wert Work.

23. Plaintiffs Alan, Autumn, and Ashlyn co-wrote the musical composition underlying the Wert Work.

24. Plaintiffs published the musical recording of the Wert Work as of September 25, 2003.

25. Plaintiffs secured a federal copyright registration of the Wert Work *SR0000966980* on July 18, 2023.

### *The Nappy Roots Work*

26. On or about December 7, 2006, Plaintiff Alan emailed a 30-second snippet of the Wert Work to Defendant Adams for potential use in Defendant

Adams's new project, subject to an expectation of consideration pursuant to terms to be negotiated.

27. The Nappy Roots Defendants took the 30-second snippet and "looped" the same into a new recording featuring the vocal performances of the Nappy Roots.

28. The Nappy Roots Defendants incorporation of the Wert Work into the Nappy Roots version of "Good Day" ("Nappy Roots Work") was without authorization.

29. Plaintiff Alan did not agree with the terms of a proposed producer agreement proposed by the Nappy Roots Defendants (the "Proposed Producer Agreement") and ultimately did not sign it.

30. Despite Plaintiff Alan's disagreement with the Proposed Producer Agreement, and without his authorization, on or about July 31, 2007, the Nappy Roots Defendants independently released the Wert Work incorporated into the Nappy Roots Work on a Mixtape entitled "InnerState Music."

31. In or around 2008, Polk, who was attempting to manage Plaintiff Alan, advised that Interscope intended to release the Nappy Roots Work.

### *First Release of Greg Street Work*

32. Thereafter, Polk set up a mixing session with Plaintiff Alan and an engineer in Atlanta.

33. Polk added his voice talking in the beginning of the Nappy Roots Work (herein the "Greg Street Work").

34. The Nappy Roots Defendants, after the Greg Street Work release, then sent Plaintiff Alan a proposed assignment of copyright for the Nappy Roots Work.

35. Plaintiff Alan refused to sign the assignment.

36. In or around 2008, the Nappy Roots Defendants and Interscope re-released the Greg Street Work without Plaintiffs' consent.

### *Nappy Roots Defendants Re-Release the Nappy Roots Work*

37. On or about July 8, 2008 the Nappy Roots Defendants re-released the Nappy Roots Work as a single without Plaintiffs' consent.

38. On or about August 5, 2008 the Nappy Roots Defendants also re-released the Nappy Roots work as part of a studio album entitled "The Humdinger" without Plaintiffs' consent.

39. Nappy Roots Publishing through Warner Tamerlane has been commercially exploiting the Wert Work as part of the Nappy Roots Work, without permission or authority from Plaintiffs.

40. On or about January 31, 2023, Plaintiff Alan sent a letter to The Nappy Roots Defendants advising that any oral or implied agreement to use the Wert Work was revoked and demanded an accounting for the last three years' uses of the Wert Work, including those listed on Schedule A hereto.

41. In 2023, Plaintiffs Autumn and Ashlyn received a SAG-AFTRA payment for the Nappy Roots Work and the Greg Street Work in connection with a license for Walmart, but no licensing fee.

42. Plaintiff Alan has received public performance income from ASCAP for the Greg Street Work released by Interscope; but has not received such income from the release and re-release of the Nappy Roots Work.

43. Plaintiff Alan has received compensation for commercial exploitation of the musical composition of the Greg Street Work; but not the Nappy Roots Work.

44. Plaintiffs have not received any compensation for the master sample of the Wert Work in the Nappy Roots Work or the Greg Street Work.

45. Plaintiffs Autumn and Ashlyn have not received any royalties for the master sample of the Wert Work in the Nappy Roots Work or the Greg Street Work, nor any songwriting royalties in the Nappy Roots Work or the Greg Street Work.

46. As of March 8, 2024, Spotify lists Plaintiff Alan as the producer for the Greg Street Work and the recording has over 7,863,130 million streams with additional streams and damages accruing each day.

47. As of March 8, 2024, The Nappy Roots Defendants have a separate Spotify release of the recording with 113,260,212 million streams with additional streams and damages accruing each day.

## COUNT I
## COPYRIGHT INFRINGEMENT

48. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 47 as if expressly restated herein.

49. Defendants infringed the Plaintiff Alan's copyright interest in the master of the Wert Work by reproducing and distributing the Wert Work through digital services providers including Apple Music and Spotify, through sale of records and CDs, and synchronization licensing, etc.

50. Defendants infringed the Plaintiff Autumn's copyright interest in both the master and musical composition of the Wert Work by reproducing and distributing the Wert Work through digital services providers including Apple Music and Spotify, through sale of records and CDs, and synchronization licensing, etc.

51. Defendants infringed the Plaintiff Ashlyn's copyright interest in both the master and musical composition of the Wert Work by reproducing and distributing the Wert Work through digital services providers including Apple Music and Spotify, through sale of records and CDs, and synchronization licensing, etc.

52. At all times relevant hereto, the Plaintiffs have been the authors and owners of the master recording and musical composition of the Wert Work reproduced, distributed, administered and publicly performed by Defendants through release on the Nappy Roots Work and the Greg Street Work.

53. The acts of Defendants constitute infringement of each of Plaintiffs' copyright and exclusive rights under copyright in violation of Section 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

54. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregards of and indifference to each of Plaintiffs' rights.

55. As a direct and proximate cause of the infringement by the Defendants of Plaintiffs' copyright and exclusive rights under 17 U.S.C. § 504(b), each of Plaintiffs are entitled to damages and Defendants' profits.

56. Defendants have repeatedly refused to resolve this matter after notice of the infringement and have continued to infringe Plaintiffs' copyright. As such, Defendants' conduct is willful.

## COUNT II
## UNJUST ENRICHMENT

57. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 56, as if expressly restated herein

58. Defendants have been **unjustly enriched** at Plaintiffs' expense. Plaintiffs conferred a specific, direct, and ascertainable **benefit** upon Defendants, including the provision of valuable goods/services, from which Defendants have derived measurable value.

59. Defendants had **knowledge** of the benefit being conferred by Plaintiffs at the time it was received and accepted. Defendants **accepted and retained** the benefits, and continue to retain the benefit, without compensation to Plaintiffs under circumstances that make it **inequitable** for Defendants to do so without compensating Plaintiffs.

60. No valid, enforceable contract governs the specific subject matter of the benefit at issue, use of Plaintiffs' copyrights, voices and services. In the absence of such a contract, equity imposes an obligation on Defendants to **make restitution** to Plaintiffs to avoid unjust enrichment.

61. As a direct and proximate result of Defendants' unjust retention of the benefit without payment, Plaintiffs have suffered **damages** in an amount to be proven at trial, but not less than $600,000, together with **prejudgment interest** as allowed by law.

62. Plaintiffs are entitled to **equitable restitution** and **disgorgement** of the value of the benefit wrongfully retained by Defendants, in addition to any other relief the Court deems just and proper.

**WHEREFORE**, Plaintiffs request this Court to:

a. Award Plaintiff Alan Wert compensatory damages for Defendants' copyright infringement in the amount of at least $600,000 in an amount to be proven at trial;

      b.      Award Plaintiff Autumn Wert compensatory damages for Defendants' copyright infringement of her master and musical composition copyright interests in the amount of at least $600,000 in an amount to be proven at trial;

      c.      Award Plaintiff Ashlyn Wert compensatory damages for Defendants' copyright infringement of her master and musical composition copyright interests in the amount of at least $600,000 in an amount to be proven at trial;

      d.      Require Defendants to provide an accounting of all profits;

      e.      Require Defendants to pay Plaintiffs' costs in this action;

      f.      Alternatively, Plaintiffs respectfully request that the Court enter judgment in Plaintiffs' favor on the Count for Unjust Enrichment, awarding restitution in the amount of the benefit conferred and retained by Defendants, i.e., $600,000 per Plaintiff, or an amount to be determined at trial, prejudgment interest, costs of this action, and such other and further relief as the Court deems equitable and just;

      g.      Award such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues triable by jury.

[*Signatures on following page*]

Respectfully submitted this 21st day of January, 2026.

**BERMAN FINK VAN HORN P.C.**

/s/ *Brett A. Switzer*
Brett A. Switzer
Georgia Bar No. 554141
Emma L. Sammons
Georgia Bar No. 518517
3475 Piedmont Road, N.E.
Suite 1640
Atlanta, Georgia 30305
(404) 261-7711 (telephone)
(404) 233-1943 (facsimile)
bswitzer@bfvlaw.com
esammons@bfvlaw.com

**SHULMAN ROGERS, PA**

Lita Rosario-Richardson, Esq.
(*pro hac vice motion forthcoming*)
12505 Park Potomac Ave,
6th Floor
Potomac, Maryland 20854
(301) 231-0931 (telephone)
(301) 230-2891 (facsimile)
Lrosario-richardson@shulmanrogers.com

*Attorneys For Plaintiffs*